UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRAN E. WALLACE,

      Plaintiff,

v.                                 CASE NO: 8:10-cv-2509-T-23AEP

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC., and
FREMONT REORGANIZING
CORPORATION, GREENTREE
SERVICING, LLC, and GREENWICH
INVESTORS XXVI, LLC,

      Defendants.

_____/

**ORDER**

      The pro se plaintiff sues (Doc. 1)[1] and alleges a violation of the Truth in Lending

Act, 15 U.S.C. §§ 1631-1651 (the "TILA"); a violation of the Fair Credit Reporting Act, 15

U.S.C., §§ 1681-1681x (the "FCRA"); a violation of the Equal Credit Opportunity Act, 15

U.S.C. §§ 1691-1691f (the "ECOA"); and breach of fiduciary duty.  The plaintiff seeks

rescission of a residential mortgage, consequential damages in the amount of

$50,000.00, statutory damages, and punitive damages.  Additionally, the plaintiff claims

both the "right to amend" the complaint and the right to assert "other facts and causes of

_____

[1] The pleadings of a pro se party receive a liberal construction.  As GJR Inv. Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), explains:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss.  This admonition is particularly true when the parties are proceeding pro se. Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education.  Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.

(citations omitted).

action after further investigation and discovery." The defendants move (Docs. 8, 9) for

dismissal with prejudice, and the plaintiff responds (Doc. 16) in opposition.

Allegations of the Complaint

Terran Wallace resides in St. Petersburg, Florida.  In August, 2006, Wallace

received a referral to Americo Mortgage Funding, LLC, and mortgage broker Ryan

LaConte for a "pre-approved" home mortgage loan.  After Wallace contacted LaConte,

LaConte evaluated Wallace's credit history and credit score but verified neither

Wallace's employment status nor his income.  On August 28, 2006, Wallace procured a

loan from Fremont Reorganizing Corporation ("Fremont") and executed two promissory

notes and two security agreements in favor of Mortgage Electronic Registration

Systems, Inc., (Fremont's "nominee") for a sub-prime adjustable rate mortgage.

Fremont required no down payment from Wallace but imposed a two-year pre-payment

penalty of $9,000.00.

Wallace alleges (1) that the defendants "intentionally concealed" a "material

disclosure" at the time that the defendants "sold this financial product" to Wallace and

(2) that the defendants failed to properly and accurately disclose the terms of the loan.

Specifically, Wallace claims that Fremont never explained that Wallace qualified only for

the "initial introductory . . . 'teaser rate'" and not the "fully indexed interest rate . . . ."

Furthermore, Wallace asserts that, on the day of the closing, Wallace (1) lacked an

understanding of "the process of mortgage"; (2) qualified as an "average" and

unsophisticated consumer; (3) relied on Fremont's professional advice and expertise;

and (4) lacked knowledge of both the "conditions" and "structure" of the loan.

On February 27, 2008, Wallace applied for a thirty-year fixed rate mortgage with USAA Mortgage.  However, USAA denied Wallace's application "due to the substantial pre[-]payment penalty of $9,000.00 . . . placed on the . . . [adjustable rate mortgage] loan by Fremont."  Fremont eventually sued to foreclose.[2]  Before foreclosing, the defendants disclosed to a credit reporting agency Wallace's failure to timely pay.  Because he believed that the credit report contained errors, Wallace contacted Fremont and requested a correction.  Fremont responded to the request on April 1, 2008.  (Doc. 1, Ex. D).

In this action, Wallace alleges that the defendants "established a pattern of deceptive and predatory lending practices without any regard [for] the [p]laintiff's rights under TILA, RESPA, Regulation Z and Regulation B . . . ." and that "before and after the closing date [p]laintiff was without any knowledge as to the accuracy in qualifying for interest rates, loan-to-value ratios or debt-to-income ratios . . . [that] were never fully disclosed" by the defendants.

Discussion

*1. Fremont's Motion to Dismiss*[3]

Fremont moves (Doc. 8) to dismiss and argues (1) that res judicata bars each claim because of a default by Wallace in the state court foreclosure action; (2) that the applicable limitation bars the TILA, FCRA, ECOA, and breach of fiduciary duty claims; (3) that the complaint fails to state a claim against the defendants; (4) that the TILA

---

[2] According to Fremont, the foreclosure action (Case No. 08-012454-CI) in the Circuit Court for Pinellas County remains pending after entry of a default against Wallace.

[3] The defendants Green Tree Servicing, Greenwich Investors XXVI, and Mortgage Electronic Registration Systems move (Doc. 9) to dismiss and assert a substantially similar basis for dismissal.

exempts from rescission a "residential mortgage transaction"; and (5) that the complaint fails to state a claim either under the FCRA or for breach of fiduciary duty.  The plaintiff responds (Doc. 16) in opposition and argues for tolling of the applicable limitation "due to the inequitable circumstances of fraudulent concealment of disclosure by the [d]efendants . . . ."

a. Res Judicata

"One of the chief concerns of res judicata is the prevention of inconsistent results."  Borrero v. United Healthcare, 610 F.3d 1296, 1307 (11th Cir. 2010). Accordingly, res judicata bars a claim if the party asserting res judicata shows (1) that a "court of competent jurisdiction" rendered a decision, (2) that the decision qualifies as a "final judgment on the merits," (3) that the earlier action involved the same parties or people in privity with the same parties, and (4) that the earlier action involved the same cause or causes of action.  Trustmark Ins. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002); Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  If a claim "was or could have been raised" in an earlier action, res judicata bars the claim.  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001); Ragsdale, 193 F.3d at 1240 (explaining that permitting a party to sever a related claim allows the party "a second bite at the apple").

In this instance, each of the plaintiff's claims derives from the same transaction (i.e., the mortgage loan transaction) as the state foreclosure action, which the defendants asserted in a court of competent jurisdiction.  Each claim qualifies as a compulsory counterclaim that the plaintiff could and should have raised in the

- 4 -

foreclosure action accord with Rule 1.170, Florida Rules of Civil Procedure, which

prescribes that:

> [a] pleading shall state as a counterclaim any claim which at the time
> of serving the pleading the pleader has against any opposing party,
> provided it arises out of the transaction or occurrence that is the
> subject matter of the opposing party's claim and does not require for
> its adjudication the presence of third parties over whom the court
> cannot acquire jurisdiction.

Furthermore, this action and the foreclosure action involve the same parties.  However,

Fremont fails to show a "final judgment on the merits".  A default—the precursor to a

default judgment under Rule 1.500, Florida Rules of Civil Procedure—falls short of a

"final judgment on the merits".  A default admits the allegations of the complaint but

requires a default judgment in order to become an adjudication on the merits.[4]

Therefore, the assertion of res judicata is, at least, premature.  CHARLES ALAN WRIGHT,

ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE &

PROCEDURE § 1418 (3d ed.) (stating that neither claim preclusion, nor waiver, nor

estoppel presents an appropriate theory for barring the assertion of a compulsory

counterclaim in a second, independent action while the first action remains pending).

### b. Limitation on the TILA, FCRA, ECOA, RESPA and breach of fiduciary duty claims

The TILA permits a claim within one year after the day of the violation.  15 U.S.C.

§ 1640(e).  "The violation 'occurs' when the transaction is consummated.  Non[-]

disclosure is not a continuing violation for purposes of the statute of limitations."

Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008).  Equitable

---

[4] Under Rule 1.540, Florida Rules of Civil Procedure, a party may seek relief from a default (or a default judgment) by showing mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud.

tolling may permit a claim under the TILA more than a year after the violation if the

plaintiff alleges facts showing "affirmative concealment on the part of the lender [i.e.,]

something more than mere non[-]disclosure." Chevy Chase Bank, F.S.B. v. Carrington,

2010 WL 745771, *2 (M.D. Fla. 2010) (Presnell, J.) (citing Williams v. Saxon Mortg.

Services, Inc., 2007 WL 2828752, *4 (S.D. Ala. 2007)).  The FCRA permits a claim "not

later than the earlier of" either (1) two years after the day that the plaintiff discovers the

violation that provides "the basis for liability" or (2) five years after the day on which the

violation that provides "the basis for liability" occurs.  15 U.S.C. § 1681p.  The ECOA

permits a claim no later than "two years from the date of the occurrence of the violation .

. . ." 15 U.S.C. § 1691e(f).  The limitation under the ECOA begins to run upon the

closing of a mortgage transaction.  Stern v. Espirito Santo Bank, 791 F. Supp. 865, 868-

69 (S.D. Fla. 1992) (King, J.); Hernandez v. Sutter West Capital, 2010 WL 3385046, *3

(N.D. Cal. 2010) (Breyer, J.).  The RESPA permits a claim within either three years or a

year after a violation, depending on the alleged violation.  12 U.S.C. § 2614.  Section

95.11, Florida Statutes, limits "[a]n action founded on negligence" and "[a]ny action not

specifically provided for in the[] statute[]" to four years.  See also Fla. Stat. § 95.031(1)

(stating that "[a] cause of action accrues when the last element constituting the cause of

action occurs.").

In this instance, each applicable limitation appears to prohibit the plaintiff's claims

in this action (which the plaintiff filed on November 9, 2010).  The parties consummated

the transaction on August 28, 2006.  Therefore, the TILA's limitation barred the TILA

claim in August 28, 2007, and the ECOA's limitation barred the ECOA claim on

August 28, 2008.  The plaintiff discovered a purportedly inaccurate credit report in

February, 2008, and contacted Fremont before April 1, 2008.  Accordingly, the FCRA

required the plaintiff to assert a claim no later than April, 2010.  The complaint fails to

allege a specific violation of the RESPA, but the RESPA requires assertion of a claim no

later than three years after the day of the violation.  Section 95.11, Florida Statutes,

barred the breach of fiduciary claim on August 28, 2010, four years after the claim

accrued.

Although the plaintiff alleges both a failure to disclose and "deceptive and

predatory lending practices," the plaintiff fails to allege facts showing that each limitation

merits equitable tolling.  The plaintiff alleges facts showing neither affirmative

concealment nor inequitable circumstances.  Furthermore, Rule 9(b), Federal Rules of

Civil Procedure, requires a party to plead "with particularity the circumstances

constituting fraud or mistake."  Accordingly, the plaintiff must provide factual allegations

supporting equitable tolling.  Non-disclosure without more cannot support equitable

tolling of the applicable limitations.

### c. Failure to State a Claim

Even if the applicable limitations presented no bar to the plaintiff's claims, no

claim appears to state an entitlement to relief.  The TILA excepts from rescission a

"residential mortgage transaction," which the TILA defines as "a transaction in which a

mortgage, deed of trust, purchase money security interest arising under an installment

sales contract, or equivalent consensual security interest is created or retained against

the consumer's dwelling to finance the acquisition or initial construction of such

dwelling."  15 U.S.C. §§ 1635(e), 1602(w); Brooks v. Suntrust Bank Mortg. Inc., 2010

WL 3340311, *3 (M.D. Fla. 2010) (Presnell, J.).  The FCRA requires investigation of a

disputed item on a credit report only after the consumer's notifying the credit reporting

agency of a dispute and the credit reporting agency's notifying the "furnisher of

information" of the dispute.  15 U.S.C. §§ 1681s-2(b), 1681i(a)(2).  In other words,

"notice" to the "furnisher of information" triggers the obligation under the FCRA to

investigate.  The ECOA bars discrimination by a creditor against a credit applicant.

Palmer v. Homecomings Financial, LLC, 677 F. Supp. 2d 233, 240 (D.D.C. 2010).  As

for the breach of fiduciary duty claim:

> "[g]enerally, the relationship between a bank and [a] borrower is that
> of creditor to debtor, in which parties engage in arms-length
> transactions, and the bank owes no fiduciary responsibilities."
> However, if a bank transacts with a customer with whom the bank
> established "a relationship of trust and confidence" and the
> transaction is one "from which the bank is likely to benefit at the
> customer's expense," the bank assumes a duty to disclose to the
> customer a fact (1) material to the transaction, (2) "peculiarly within
> [the bank's] knowledge," and (3) "not otherwise available to the
> customer."

2021 North Le Mans, LLC v. Fifth Third Bank, 2010 WL 1837726, *2 (M.D. Fla. 2010).

In this action, the plaintiff fails to provide sufficient factual allegations to support a

claim under either the TILA, the FCRA, or the ECOA.  To the extent that the allegations

arise from a "residential mortgage transaction," the complaint fails to state a claim for

rescission under the TILA.  The plaintiff fails to allege notice of a dispute to either a

credit reporting agency or to the defendants (by a credit reporting agency) as required

by the FCRA.  The complaint contains no discernable allegation of discrimination in

violation of the ECOA.  Although the complaint mentions the RESPA, the plaintiff fails to

allege a specific violation of the RESPA.  Additionally, the plaintiff fails to present facts

supporting a fiduciary relationship between the plaintiff and the defendants.

Conclusion

Accordingly, the motions (Docs. 8, 9) to dismiss are **GRANTED IN PART**, and the

complaint is **DISMISSED**.  The plaintiff may file an amended complaint in accord with

this order no later than **April 15, 2011**.  (If the amended complaint states a claim for

relief, which claim is a compulsory counterclaim in the foreclosure action, this action to

that extent will be stayed to permit the plaintiff an opportunity to assert the claim in the

state foreclosure action before a final judgment in the foreclosure action operates as a

bar to the claim).

ORDERED in Tampa, Florida, on April 1, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE